3.24   Loans.

(a)   <u>Eligibility</u>. On or after July 1, 1996, and with the consent of the Board, a loan shall be made to an Active Participant who is a party in interest (as defined in section 3(14) of ERISA), who has two or more years of Credited Service, and who makes proper application for a loan from his Annuity Benefit Accumulation Account for the purpose of:

   (i)   paying all or part of the expenses of educating the Active Participant or a dependent of such Active Participant;

   (ii)   acquiring ownership of a principal residence or preserving ownership of a principal residence of the Active Participant; or

   (iii)   paying medical expenses that the Active Participant is obligated to pay.

Loans shall be available to all Active Participants who are parties in interest on a reasonably equivalent basis; provided, however, that (i) no loan shall be made if the Active Participant cannot qualify for a minimum loan of at least $2,000 and (ii) the Board may make reasonable distinctions among prospective borrowers on the basis of credit worthiness.

(b)   <u>Consent of Spouse</u>. If the Active Participant has a Spouse, the loan application shall not be effective unless:

   (i)   such Spouse consents in writing to the loan, acknowledges the effect of the loan and such consent is witnessed by a Plan representative or a notary public; or

   (ii)   it is established to the satisfaction of the Board that the consent described in paragraph (b)(i) above cannot be obtained because the Spouse cannot be located (in accordance with procedures established under Section 3.15) or on account of other circumstances as may be prescribed under regulations issued by the Secretary of the Treasury.

(c)   <u>Frequency</u>. In no event shall an Active Participant be permitted to have more than one loan outstanding at any one time. No loan shall be approved if the Active Participant has previously obtained a loan within the five (5) year period preceding the date of the current loan application.

(d)   <u>Limitation on Amount</u>. In no event shall any loan exceed the lesser of (1) 50% of the balance credited to the Active Participant's Annuity Benefit Account or (2) $50,000, less the highest outstanding balance of any loan during the 12-month period prior to the time the new loan is to be made.

EXHIBIT

For this purpose, the balance of the Active Participant's Annuity Benefit Accumulation Account shall not include amounts payable pursuant to the terms of a QDRO.

(e) <u>Security</u>. All loans shall be secured by the pledge of one-half of the Active Participant's Annuity Benefit Accumulation Account, and by the pledge of such further collateral as the Board, in its discretion, deems necessary to assure repayment of the borrowed amount and all interest to be accrued thereon in accordance with the terms of the loan, including an assignment of the Active Participant's interest in his cafeteria benefit account under the Carpenters Health and Welfare Fund of Philadelphia and Vicinity (the "Welfare Fund").

(f) <u>Interest Rate</u>. Interest shall be charged at a rate to be fixed by the Board and, in determining the interest rate, the Board shall take into consideration interest rates currently being charged on similar commercial loans by persons in the business of lending money.

(g) <u>Loan Term</u>. Loans shall be for terms not to exceed five (5) years, except that loans taken for the purpose of acquiring any dwelling unit, which is to be used as a principal residence of the Active Participant may be for periods of up to fifteen (15) years. Loans shall be non-renewable and non-extendible.

(h) <u>Repayment</u>. Loans shall be repaid in level monthly installments by personal check or in such other manner as may be directed by the Board. In the event of a late payment, the Board shall impose a late payment charge and shall cause to be drawn from the Active Participant's cafeteria benefit account under the Welfare Fund an amount equal to the late payment plus the late payment charge, but not more than the balance of such account. Loans may be prepaid in full, without penalty, at any time. Partial prepayment may be made at any time during the term of the loan provided that the amount of any prepayment is at least equal to one year's worth of scheduled repayments and further provided that no more than two partial prepayments are permitted during the term of any given loan.

(i) <u>Default and Remedies</u>.

    (i) <u>Instances of Default</u>. In the event that

        (a) an Active Participant fails to make any installment payment in full by the end of the grace period (as defined below); or

        (b) the loan is not repaid by the time the promissory note matures,

and the funds in the Active Participant's cafeteria benefit account under the Welfare Fund are insufficient to satisfy the late payment or the unpaid balance of the loan, the unpaid balance of the loan, with interest due thereon, shall become immediately due and payable.

(ii) Remedies. In the event that a loan becomes immediately due and payable (in "default") pursuant to the preceding subparagraph, the Active Participant (or his beneficiary in the event of the Active Participant's death) may satisfy the loan by paying the outstanding balance in full by the closed of the grace period. The "grace period" with respect to any payment shall end on the last day of the calendar quarter following the calendar quarter in which the applicable payment was due. Otherwise, the Active Participant's Annuity Benefit Accumulation Account shall be reduced by the amount allocated to the loan before any benefit which is or becomes payable to the Active Participant or his beneficiary is distributed. The reduction described in the preceding sentence shall occur as soon as administratively practicable following a determination that a loan is in default, in accordance with the following rules:

(a) If the Active Participant (i) retires with a Normal Retirement Pension, an Early Retirement Pension, or a Disability Retirement Pension (ii) dies, or (iii) has no Contribution Hours reported for him for a period of 24 consecutive months, the Active Participant's Annuity Benefit Accumulation Account shall be reduced by the amount of the unpaid balance of the loan, with interest due thereon, and the Active Participant's indebtedness shall thereupon be discharged.

(b) If the Active Participant is not described in subparagraph (i)(ii)(A), the Active Participant's Annuity Benefit Accumulation Account shall be reduced in the manner described in subparagraph (i)(ii)(A), as of the date the Active Participant is entitled to a distribution under Article III.

Any distribution pursuant to this subparagraph (i)(ii) shall be deemed to have been distributed to the Active Participant under the terms of the Plan. No action under this subparagraph (i)(ii) shall operate as a waiver of the rights of the Board or the Plan under applicable law. The Board also shall be entitled to take any and all other actions necessary and appropriate to enforce collection of the outstanding balance of the loan.

(j)  <u>Loan Statement</u>. Every Active Participant receiving a loan hereunder shall receive a statement from the Board clearly reflecting the charges involved in each transaction, including the dollar amount and annual interest rate of the finance charges. The statement shall provide all information required to meet applicable "truth-in-lending" laws. Each Active Participant receiving a loan hereunder shall be required to sign all documents that the Board requires before issuance of any loan.

(k)  <u>Restriction on Loans</u>. The Board will not approve any loan if it is the belief of the Board that such a loan, if made, would constitute a prohibited transaction (within the meaning of section 406 of ERISA or section 4975(c) of the Code), would constitute a distribution taxable for federal income tax purposes, or would imperil the status of the Plan or any part thereof under section 401(a) of the Code.

(l)  <u>Promissory Note</u>. Any loan made to an Active Participant under this Section 3.24 shall be evidenced by a promissory note executed by the Active Participant and if applicable, consented to by his Spouse in accordance with Section 3.24(b). The Board shall have the right to require the Active Participant to execute a revised promissory note if the Board determines it is necessary to comply with ERISA or the Code. In the event the Active Participant does not execute such revised promissory note by the date prescribed by the Board, the loan shall become due and payable as of such date. An amortization schedule shall be established and interest shall be charged for the consolidated loan at the interest rate determined by the Committee.

229221

## CARPENTERS PENSION AND ANNUITY FUND OF PHILADELPHIA AND VICINITY
### 1807 Spring Garden Street
### Philadelphia, PA 19130
### 215-568-0430    1-800-976-FUND

### APPLICATION FOR ANNUITY ACCOUNT LOAN

**SECTION A - NAME AND ADDRESS**

Name BANKS  DERRICK  R   LU# 8   S.S.# 186441362
        Last    First    Middle
Home Tel. # 215-483-4339   Date of Birth 09-30-55  Age 45
Home Address 4312 TERRACE ST
             Phila  PA  19128

**SECTION B - PURPOSE OF LOAN (check one and enter amount of qualifying expense):**

1. ☐ **UNREIMBURSED MEDICAL EXPENSES** _____

Out-of-Pocket Expenses for sickness or injury, incurred by you, your spouse or dependent not reimbursed by benefits payable from the Carpenters Benefits Funds or other sources of at least $2,000.00. **(ATTACH PROOF OF EXPENSES, SUCH AS RECEIPTED DOCTOR'S BILLS, PHARMACIST'S RECEIPTS, ETC.)**

2. ☑ **EDUCATION EXPENSES - $** _____

Educational expenses for Participant, Spouse or dependent child for tuition, room & board and/or books. **(ATTACH BILLS NOTARIZED BY SCHOOL)**

Name and address of educational institution _____
_____

Full Name of Student _____ Relationship _____ Age _____

3. ☐ **HOME PURCHASE $** _____

Down Payment, contract, title or mortgage expenses incurred on home, cooperative, or condominium in which the participant will live **(ATTACH COPY OF CONTRACT AND PROOF OF EXPENSES-MUST BE NOTARIZED)**

4. ☐ **PRESERVING OWNERSHIP OR PRINCIPAL RESIDENCE** _____

For retention of the principal residence of a participant. **(ATTACH COPY OF DELINQUENT MORTGAGE NOTIFICATION, FORECLOSURE NOTICE, ETC.)**
The Fund reserves the right to seek additional verification of your obligations and to issue a check for loan proceeds to your creditor or you and your creditor jointly. Any amounts not actually used for a specified Plan purpose must be returned to the Fund under Federal Law.

EXHIBIT 2

62286-2                                1

SECTION C - EMPLOYMENT

Applicant's Present Employer __NPS__

Spouses' Name and SS# __Anna E Banks    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__

Spouse's Employer __Roxborough Memorial Hosp__

Spouse's Employer's Address __5800 Roxborough Ave  19128__

SECTION D – APPLICATION

The Plan provides that the falsity of any statement material to an application or the furnishing of fraudulent information or proof shall be sufficient reason for the denial of the loan, and in any such case the Trustees shall have the right to recover any payment made in reliance thereon.

I hereby apply for a loan against my Additional Benefit Accumulation Account benefit ("Annuity Account") for the reasons and in the amount set forth above and on the documentation supplied with this Application, that the loan proceeds will be used for such purposes and that I have the present intent and ability to repay this loan on time and in full. I state under penalty of perjury that the foregoing information and all other documents and information provided in connection with this Loan are true and correct to the best of my knowledge, information and belief.

Participant sign and date.  __Ronrick R. Banks__    __4-04-01__
                             Signature                  Date

FOR OFFICE USE ONLY

Approved on behalf of the Carpenters Pension and Annuity Fund

_____ Yes            _____ No

                                                                Date _____
_____      _____
Edward Coryell, Co-Chairman          Walter P. Palmer, Jr. Co-Chairman

NOTES:

# CARPENTERS PENSION AND ANNUITY FUND
## SPOUSAL CONSENT TO A LOAN AGAINST ANNUITY ACCOUNT BENEFIT

You and your spouse, if any, must complete this form to apply for a loan against your Additional Benefit Accumulation benefit ("Annuity Account")

### PARTICIPANT'S STATEMENT MUST BE NOTARIZED
### UNLESS THE SIGNATURES ARE WITNESSED BY A FUND REPRESENTATIVE

I am applying to borrow against my Additional Benefit Accumulation benefit ("Annuity Account") under the loan provisions of the Carpenters Pension & Annuity Plan of Philadelphia & Vicinity.

(Check one):

( )   I hereby declare that I am not legally married at this time.
( )   I hereby declare that I am unable to locate my spouse. (Additional proof is needed if you check this box)
( )   I hereby declare that the person co-signing the document below is my current legal spouse.

Date 4-04-01    Participant's Signature _Derrick Banks_ SS# 186441362
Printed Name: DERRICK BANKS

PA DRIVERS ID
18 857939

State of    PA
County of   Phila

On the 4 day of April 2001, before me came the person named above who is known to me or adequately identified as such person who executed the foregoing statement and she/he duly acknowledged to me that (s)he executed the same.

_Dorothy M. Koutz_

_____        FUND REPRESENTATIVE
(NOTARY PUBLIC)

### SPOUSE'S STATEMENT MUST BE NOTARIZED (IF APPLICABLE)

I, _Anna E Banks_, being duly sworn, depose and say that I am legal spouse of the
(Spouse's name)
Participant described above. I have been informed that my spouse now has approximately
$ 44,108.28 credited to his or her Additional Benefit Accumulation benefit ("Annuity Account") in the Carpenters Pension and Annuity Plan of Philadelphia & Vicinity. I have been informed that my spouse has applied for a loan in the amount of $ 27,054.00 from the Annuity Account in order to pay expenses in connection with
_Education_
(State reason for loan)

I understand that, if this loan is granted, the loan will be a lien against my spouse's Annuity Account benefit under the Carpenters Pension and Annuity Plan of Philadelphia & Vicinity until the loan is paid in full, with all accrued interest. I understand that under Federal Law and the rules of the Carpenters Pension and Annuity Plan of Philadelphia & Vicinity, when my spouse

62286-2                                1

EXHIBIT 3

qualifies for receipt of benefits, the benefits payable for the Annuity Account benefit will be paid on a monthly basis for as long as my spouse lives and then, if my spouse dies before me, one half of the monthly payment will continue to be paid to me on a monthly basis, for as long as I live, unless my spouse and I have jointly rejected this form of payment. If my spouse dies before retirement, I will get roughly half of amounts credited to the Annuity Account or a related monthly benefit unless I waive that right. The amount of any benefits depends upon the amount credited to my spouse's Annuity Account. If my spouse takes a loan against the Annuity Account and does not repay it in full with all interest before retirement or death, the amount of benefits that would otherwise be payable to my spouse and/or me will be reduced or eliminated by the amount of the loan and other amounts for interest, late charges and collection costs. I understand that the reduction may be substantial, depending upon the amount of the loan, accumulated interest and whether the loan is repaid before my spouse retires or dies.

---

I understand the following estimate of the current account and impact of the loan if it is not repaid on a timely basis and that the actual reduction if the loan is not repaid may be greater due to interest, late charges and collection costs which will be subtracted from the Account.

|  | Current Account | Account Without Loan Amount |
|---|---|---|
| Current Value | 44,108.25<br>$ ~~32,051.00~~ | $ 44,108.25<br>+ 61,751.59 |
| Projected Value at age 65 (7% interest) | 22,054.25<br>+ 30,875.99<br>$ 52,924.34 | $ 105,859.77 |
| Projected Monthly Benefit at age 65 | $ 427.87 | $ 855.75 |
| Half of J&S | $ 213.94 | $ 427.87 |

**I HEREBY CONSENT** to the loan for which my spouse has applied and waive any right I may have to object to the granting of the loan, even though the granting of the loan may reduce or entirely eliminate the amount to which I may someday be entitled from the Carpenters Pension and Annuity Plan with respect to the Annuity Account benefit.

Date 4/4/01   Spouse's Signature _____ SS# 179 46 6948

State of PA
County of Phila

On the 4 day of April 2001, before me came the person named above who is known to me or adequately identified as such person who executed the foregoing statement and she/he duly acknowledged to me that (s)he executed the same

_____   Dorothea M. Kouba
(NOTARY PUBLIC)                FUND REPRESENTATIVE

62286-2                         2

## CARPENTERS PENSION AND ANNUITY FUND OF PHILADELPHIA & VICINITY
## PROMISSORY NOTE & DISCLOSURE FOR ANNUITY ACCOUNT LOAN

I (we) hereby apply for and promise to repay a loan from the Carpenters Pension and Annuity Fund of Philadelphia & Vicinity ("Pension Plan") in accordance with the following terms:

| Annual Interest Rate (cost of your credit at a yearly rate) | Finance Charge (dollar amount the credit will cost you) | Loan Amount (the amount of credit provided to you or on your behalf) | Total of Payments (the amount you will have paid once you have made all _60_ scheduled payments) |
|---|---|---|---|
| 9% | 5,414.33 | 22,054.00 | 27,468.33 |

**The monthly payment amount will be** _457.80_ **and** _60_ **total payments will be made. My first payment is due** _7-01_ **, 20_01_.** In applying for this loan, I acknowledge that I have read the provisions of the Summary Plan Description pertaining to loans and have received a copy of the Participant loan program from the Pension Plan Office.

This Loan is made under the rules and regulations of the Carpenters Pension and Annuity Plan of Philadelphia & Vicinity. The loan is subject to interest at a fixed rate for the life of the loan as set forth above. The loan, and any interest, must be entirely repaid within five (5) years from the date of the making of the loan except for a loan for Home Purchase, which may be paid over fifteen (15) years. I agree to repay the loan in equal monthly installments.

I understand and agree to the following.

- Any payment pursuant to my application is a loan which must be repaid and not a distribution of money from my Additional Benefit Accumulation ("Annuity Account") benefit under the Pension Plan.

- My monthly payment is due on the 1st of each month. If my payment is not received by the 15th of each month, a late charge of 3% of the scheduled payment will be applied.

- All amounts due under the loan may be immediately due and payable if I fail to make any payments on time or in the event of my insolvency, bankruptcy, death, or incompetence ("Default"). I will have a one-time opportunity to cure my late payment. A default will occur if a regularly monthly scheduled payment is **NOT** received by the Pension Plan Office by the end of the calendar quarter following the calendar quarter in which the payment was due.

- If I do not make my loan payments on time, a suit may be filed and I will be held responsible for the outstanding principal balance of the loan, accrued interest and all costs of collection, including attorney and filing fees. I understand that by making this application I am waiving any right to presentment, demand, notice of dishonor and protest before a lawsuit.

- A Default in the repayment of the loan will result in the payment of my "cafeteria plan benefit" under the Carpenters Health & Welfare Fund of Philadelphia & Vicinity ("Cafeteria Plan") to the Pension Plan for application to my loan. Any such payment of the Cafeteria

62286-2

EXHIBIT 4

Benefit will be taxable income to me. If I default, I agree to designate all cafeteria plan money thereafter as vacation benefits, assign such benefits to the Pension Plan and irrevocably designate the Pension Plan or its designated agent as my attorney-in-fact to make such designations and benefit elections, receive benefits and endorse any check for such benefits for and on my behalf.

- All Loans are limited to the amount of money actually required for the purpose indicated above or 50% of the amount credited to my Annuity Account, but in no case more than $50,000 nor less than $2,000. I will return any money not used for the purpose specified on my application to the Pension Plan.

- Once I receive a loan, I cannot be approved for another loan for five (5) years from the initial loan date or before repayment of the loan. I cannot receive a loan from the Pension Plan at the same time that I receive a hardship distribution from the Carpenters Savings Fund of Philadelphia & Vicinity.

- A partial prepayment may be made at any time during the length of the loan as long as the amount is equal to at least one years worth of payments and no more than two partial prepayments are permitted during the term of any given loan.

- This note will mature and become immediately due and payable upon my retirement or other entitlement to a distribution from my Annuity Account.

EACH BORROWER IS JOINTLY AND SEVERALLY LIABLE FOR THE LOAN. This means that the Pension Plan may collect the entire amount due under the Loan and Promissory Note from any borrower and does not have to divide it among them or pursue other borrowers for any part of the loan debt.

Anyone who signs below for the loan is a Borrower and each borrower, co-borrower and guarantor of this note consents to renewals, replacements and extension of time for payment before, at or after maturity, consents to the acceptance of security for this note and waives demand and protest and the right to assert any statute of limitations.

Participant sign and date. _____    4-04-01
                          Signature                   Date

Spouse or other additional
obligor please sign and date _____   4 April 01
                             Signature                 Date

62286-2                              2

```
                         LOAN PROCESSING - INQUIRY

    1)*Soc Sec Nbr    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         DERRICK R  BANKS
                                          4312 TERRACE ST
                                          PHILA           PA 19128


       Loan Date         5/01/2001

    2) Principal Amount              22054.00
       Interest Amount                5414.33    Rate        9.00 %
       Loan Total                    27468.33

                     ******   RECEIPT INFORMATION   ******
    RECEIPT#         DUE DATE   PAID DATE   PRINCIPAL   INTEREST PENALTY    PAYMENT
    700670           7/01/2001   7/06/2001     292.39     165.41    0.00     457.80
    717325           8/01/2001  10/02/2001     294.59     163.21   13.73     471.53
    717327           9/01/2001  10/02/2001     296.80     161.00   13.73     471.53
    724880          10/01/2001  11/05/2001     299.02     158.78   13.73     471.53
    727825          11/01/2001  11/21/2001     301.27     156.53   13.73     471.53



    SHOW MORE PAYMENTS FOR THIS LOAN? (Y/N/B) Y
                    1 ISSI       192.168.1.3                            1 24/43
```





# CARPENTERS
## PENSION AND ANNUITY FUND
## OF PHILADELPHIA & VICINITY

1807 SPRING GARDEN STREET
PHILADELPHIA, PA 19130-3998
215-568-0430 • FAX 215-569-0368
email:fundadmin@philacarpenter.org
website:philacarpenterfunds.org

**BOARD OF ADMINISTRATION**

| LABOR | MANAGEMENT |
|---|---|
| Edward Coryell  Co-Chairman | Walter P. Palmer, Jr.  Co-Chairman |
| Larry Dunn | Frank Boyer |
| John W. Hooven | Charles G. Erickson, III |
| Carl B. Miller | Frank T. Lutter |
| Guy Pigliacelli | James F. Sassaman |
| | John R. Smith, Jr. |

**CO-COUNSEL**
Sagot, Jennings & Sigmond / Harry Reagan, Esq.

April, 2002

Derrick R. Banks
4312 Terrace Street
Philadelphia, PA 19128

Dear Member:

**Please be advised that as of April 1, 2002 your loan has fallen into default.** As explained to you in your Application, on your Benefit Calendar and in your Carpenter's Regional Report certain penalties must be enforced if your loan enters default status.

The following list highlights those penalties:

1.) You can no longer pay the loan back in monthly installments, the full amount of the loan (Principle + Interest) must be paid back in <u>one lump sum</u>.

2.) A Deemed Distribution occurs.

3.) Taxes must be paid on the full amount of the loan. You will receive a 1099R form at the end of every year for the term of the loan.

4.) A 10% penalty must be paid on the full amount of the loan if you are under age 59 1/2.

This is a very serious situation. Please consult a tax advisor for information concerning your financial well-being.

If you have any questions please do not hesitate to call the Annuity Loan Department at (215) 568-0430 ext. 223.

Sincerely,

*Mary Hackett*

Mary Hackett
Pension, Annuity & Savings Plan Manager

MH/dmk
enclosure



