# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CARPENTERS PENSION AND ANNUITY FUND OF PHILADELPHIA AND VICINITY, et al., | CIVIL ACTION |
| Plaintiffs | No.02-4545 |
| v. |  |
| DERRICK R. BANKS and ANNA E. BANKS, |  |
| Defendants |  |

## OPINION

July 18, 2003

     Pending before this court is the plaintiffs' motion for default judgment. At a hearing held on March 5, 2003, I requested further briefing regarding the propriety of this court's assumption of jurisdiction over the case. The plaintiffs have filed a submission explaining the alleged bases for jurisdiction. Not finding persuasive the arguments in favor of federal jurisdiction over this matter, I will dismiss the case for lack of subject-matter jurisdiction.

**Factual and procedural background**

     Plaintiff Carpenters Pension and Annuity Fund of Philadelphia and Vicinity and its fiduciary, plaintiff Edward Coryell (collectively, "Carpenters") brought suit in this court in an effort to collect an unpaid debt allegedly owed by the defendants Derrick and Anna Banks.[1]

---

[1] The court will assume for purposes of this memorandum that the facts alleged in the plaintiffs' complaint and briefing are true.

Carpenters is a pension trust fund established under 29 U.S.C. § 186(c)(5) that qualifies as an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(2-3). Mr. Banks is a participant in the fund, and his wife Mrs. Banks is a beneficiary in the fund.

Pursuant to the provisions of Carpenters's plan of benefits, participants are eligible for loans from the fund for certain purposes. Specifically, a participant can borrow up to 50% of the defined cash balance in his fund account with a loan secured by (but not reducing) the cash balance. On or about May 1, 2001, the Bankses applied for and were granted a loan for educational expenses in the amount of $22,054.00 from the Carpenters fund. The Bankses agreed to pay the loan back in 60 monthly payments of $457.80, but, after making payments for the period from July 1, 2001 through November 1, 2001, ceased submitting their monthly installments, and so are in default on the loan.

Carpenters represents to this court that it may not redeem its security interest until a "distributable event" occurs that would allow Mr. Banks to withdraw from his cash balance account.

**Subject-matter jurisdiction**

Although the Bankses have not made an appearance in this case, this court is obligated to raise the issue of subject-matter jurisdiction *sua sponte* when it appears that jurisdiction may be lacking. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002).

At the hearing held on March 5, 2003, I noted my reservations regarding the propriety of assuming subject-matter jurisdiction over Carpenters's case. In the complaint, Carpenters claimed jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§ 1132(a), as well as this court's general federal question jurisdiction, 28 U.S.C. § 1331.

*Jurisdiction under 29 U.S.C. § 1132(a)*

While the complaint filed by Carpenters in July of 2002 cited only generally to § 1132(a), more recent submissions have narrowed the focus of the jurisdictional claim; specifically, Carpenters relies upon § 1132(a)(3), which provides:

> A civil action may be brought--
> . . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .
>
> 29 U.S.C. § 1132(a).

As the quoted statutory language suggests, § 1132(a)(3) provides only for equitable remedies. Carpenters, in an effort to fit its claim into the rubric of the provision, characterizes the relief it seeks as a "constructive trust over the distributed funds and . . . proceeds."

To determine whether § 1132(a)(3) affords the relief sought by Carpenters, this court begins with analysis of *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). In *Knudson*, Great-West, as a "stop-loss" insurer of an ERISA plan, paid Janette and Eric Knudson hundreds of thousands of dollars for medical expenses Janette incurred as a result of a car accident. The ERISA plan assigned to Great-West its contractual lien over any recovery that the Knudsons might receive from a third party. The Knudsons later negotiated a settlement with the Hyundai Motor Company (the manufacturer of the car they occupied at the time of the accident), and Great-West brought suit under § 1132(a)(3) to enforce its right to receive the proceeds of the settlement from a third party.

Justice Scalia, writing for a 5-4 majority, held that the recovery sought by Great-West could not properly be termed "equitable relief," and so concluded that § 1132(a)(3) did not authorize the suit. The opinion explained:

> First, petitioners argue that they are entitled to relief under [§ 1132(a)(3)(A)] because they seek "to enjoin a[n] act or practice" — respondents' failure to reimburse the Plan — "which violates . . . the terms of the plan." But an injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available at equity. Those rare cases in which a court of equity would decree specific performance of a contract to transfer funds were suits that, unlike the present case, sought to prevent future losses that were either incalculable or would be greater than the sum awarded. For example, specific performance might be available to enforce an agreement to lend money "when the unavailability of alternative financing would leave the plaintiff with injuries that are difficult to value; or to enforce an obligor's duty to make future monthly payments, after the obligor had consistently refused to make past payments concededly due, and thus threatened the obligee with the burden of bringing multiple damages actions." *Bowen* [*v. Mass.*, 487 U.S. 879,] 918 (Scalia, J., dissenting). Typically, however, specific performance of a contract to pay money was not available in equity.

*Id.* at 210-11 (internal citations omitted).

The *Knudson* Court, it should be noted, did not foreclose all monetary relief under § 1132(a)(3). In discussing § 1132(a)(3)(B), the opinion stated:

> [A] plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.

*Id.* at 213.

Having left open the possibility of a constructive trust providing monetary recovery, the *Knudson* Court then explained that the factual scenario did not permit a constructive trust. Because the Hyundai settlement was paid into trust accounts and not to the Knudsons, the funds sought by Great-West were not in the defendants' possession — and so at least one of the

prerequisites for imposition of a constructive trust had not been satisfied.

Carpenters has not attempted to identify or allege any particular money or property in the Bankses' possession that might be traced to the borrowed funds.  Interestingly, the most recent submission from Carpenters acknowledges that "[i]n this case, the Complaint does not clearly allege that the necessary constructive trust should be placed over the res which is traceable to the funds."  Indeed, it is not at all certain that the funds would be in the Bankses' possession, given that, as reported by Carpenters, the loan was made for educational expenses — quite possibly, the money has been spent on tuition.  While I recognize the difficulties presented to a litigant attempting to trace the flow of monies without the benefit of discovery or even an answer from the opposing party, there is not so much as an allegation in this case that the Bankses might still have the particular funds or any property traceable thereto.  Nor is the phrase "constructive trust" even mentioned in the complaint.  *Knudson* instructs that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."  *Knudson*, 534 U.S. at 213-14.  A fair reading of the complaint reveals what is essentially an attempt to impose personal liability on the Bankses, and therefore the equitable relief provisions of § 1132(a) are not triggered.

*Jurisdiction under 28 U.S.C. § 1331*

As an alternative argument, Carpenters relies upon the Third Circuit's splintered decision in *N.E. Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 159 (3d Cir. 1985).  In *ILGWU*, Judges Becker, Sloviter, and Fullam all found federal jurisdiction, but for different reasons, which were expressed in three separate opinions.

Case 2:02-cv-04545-LP    Document 18    Filed 07/21/2003    Page 6 of 9

*ILGWU* involved a dispute between two ERISA plans regarding who was responsible for the medical bills of a woman (not a party to the appeal) who was a participant in one of the plans and a beneficiary of the other. Judge Fullam found jurisdiction under 1132(a) (which, as explained above, I have found inapplicable in the case at bar), but Judges Sloviter and Becker disagreed. Judges Sloviter and Becker concluded — albeit, for different reasons — that federal jurisdiction existed pursuant to the "arising under" jurisdiction of the federal question statute, 28 U.S.C. § 1331(a). Because Carpenters's claims of jurisdiction fail under both Judge Becker's and Judge Sloviter's modes of analysis, I find jurisdiction is lacking.

Judge Becker noted the federal interest in determining the meaning and enforceability of apparently conflicting provisions of two ERISA funds, and then said that, because "the policies underlying ERISA will inform our construction of the conflicting policy terms," "[f]ederal common law thus supplies the rule of decision in this case." *ILGWU*, 764 F.2d at 158.

It is important to note that Judge Becker, to reach the result he did, had to contend with the holding of the Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). In *Franchise Tax Board* ("*FTB*"), a state tax-collection agency sued an ERISA fund in California state court, seeking damages for the fund's failure to honor tax levies and a declaration that the fund was legally required to honor future levies. *Id.* at 7. The fund removed the case to federal court, reasoning that "any state court action which would require the interpretation or application of ERISA to a plan document 'arises under' the laws of the United States." *Id.* at 24. The Supreme Court opined that even though it may be true "that ERISA precludes enforcement of the State's levy . . ., an action to enforce the levy is not itself pre-empted by ERISA." *Id.* at 26.

-6-

Judge Becker distinguished *FTB* by pointing out that (a) the Supreme Court in *FTB* apparently did not consider "the possibility that the suit need not have arisen under the express statutory provision of ERISA for it to arise under federal law," (b) the *FTB* case called for application of the "well-pleaded complaint" rule, and (c) the *FTB* case involved the ability of a state to tax, which implicated primarily state concerns. *ILGWU*, 764 F.2d at 156. Carpenters's case does not allow of such differentiation. First, as Judge Becker instructed, "[a]n action arises under federal law 'if and only if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition.'" *Id.* At 157 (quoting *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1979)). The instant case does not meet that criterion. Simply put, Carpenters seeks to recover under the terms of a promissory note, a contract claim governed by state law. No federal legal principles need be applied to decide the case. To be sure, Carpenters suggests that because federal regulations govern the types of loans made by ERISA plans to participants, "only federal law can distinguish an 'enforceable agreement' . . . from a prohibited and void distribution of plan assets which would create different issues on relief and recovery." However, to borrow language from *FTB*, "a straightforward application of the well-pleaded complaint rule precludes original federal-court jurisdiction. [State] law establishes a set of conditions, without reference to federal law, under which a [promissory note] may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law." *FTB*, 463 U.S. at 13. While it is true that the Bankses, had they answered the complaint, might have contended that their loan was a "prohibited transaction" under ERISA, federal court jurisdiction cannot be based on a federal law defense. *Id.* at 14; *see generally Louisville & N.R.R. v. Mottley*, 219 U.S. 467 (1911).

Judge Sloviter, in *ILGWU*, believed that *FTB* precluded "Judge Becker's broad view that merely because federal common law supplies the rule of decision, there is 'arising under' jurisdiction under 28 U.S.C. § 1331." *ILGWU*, 764 F.2d at 165 (Sloviter, J., concurring). Because I have determined that Carpenters's claim does not fit within what Judge Sloviter characterized as Judge Becker's "broad view" of § 1331 jurisdiction, it follows that the case fails to satisfy Judge Sloviter's more narrow conception of "arising under" jurisdiction. As already discussed, it cannot be said that Carpenters's complaint "established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *FTB*, 463 U.S. at 27-28 (quoted in *ILGWU*, 764 F.2d at 165 (Sloviter, J., concurring)).

**Conclusion**

Because I find subject-matter jurisdiction lacking in this case, I will not address the motion for default judgment and, instead, will dismiss the case. An order effectuating my decision accompanies this opinion.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS PENSION AND ANNUITY FUND OF PHILADELPHIA AND VICINITY, et al., <br><br> Plaintiffs <br><br> v. <br><br> DERRICK R. BANKS and ANNA E. BANKS, <br><br> Defendants | CIVIL ACTION <br><br> No.02-4545 |

**ORDER**

July 18, 2003

    For the reasons giving in the accompanying opinion, it is hereby ORDERED that this case is DISMISSED for lack of subject-matter jurisdiction.

_____

Pollak, J.